UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA PENNY                                         CIVIL ACTION

VERSUS                                                 NO: 19-9336

PENN NATIONAL GAMING, INC.                             SECTION "H"
ET AL.

ORDER AND REASONS

Before the Court is Defendant, BSLO, LLC's Motion to Dismiss or, Alternatively, to Transfer Venue (Doc. 50). On September 16, 2020, this Court issued an order granting Defendant's Motion. These reasons follow.

BACKGROUND

This action arises out of injuries that Plaintiff, Patricia C. Penny ("Penny"), sustained while at the Hollywood Casino Gulf Coast ("Hollywood Casino") in Bay St. Louis, Mississippi. On April 13, 2018, Penny, a Louisiana resident, entered the bathroom of the Hollywood Casino and "fell on several waxed paper bags" that were allegedly placed on the floor by a Hollywood Casino employee.[1] Plaintiff was transported by ambulance to Slidell Memorial Hospital and eventually had hip replacement surgery at Avala Hospital in

---

[1] Doc. 31 at 4.

1

Covington, Louisiana. As a result of this fall, Plaintiff alleges that she suffered severe and disabling injuries.

Plaintiff's Original Complaint names Penn National Gaming, Inc. ("PNG"), individually and doing business as the Hollywood Casino Gulf Coast, and Liberty Mutual Insurance Company ("Liberty Mutual") as Defendants. After Plaintiff voluntarily dismissed its claims against Liberty Mutual, Plaintiff filed a Supplemental and Amending Complaint naming PNG and BSLO, LLC ("BSLO") as Defendants. The Supplemental and Amending Complaint alleges that BSLO is a wholly-owned subsidiary of PNG and that BSLO owned, maintained, managed, had control over, was responsible for the operation of, and was doing business as the Hollywood Casino. This Court has since dismissed Plaintiff's claims against PNG.

BSLO now brings this Motion to Dismiss or, Alternatively, to Transfer Venue to the Southern District of Mississippi on the grounds that the Court lacks personal jurisdiction over BSLO. Plaintiff opposes the Motion but asks that this Court dismiss the action without prejudice in the event that the Court should find that personal jurisdiction is lacking.

## LEGAL STANDARD

When a non-resident defendant challenges the court's personal jurisdiction, "the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."[2] When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the plaintiff need only make a prima facie showing of

---

[2] Luv N'care, Ltd. v. Insta–Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).

personal jurisdiction.[3] "The allegations of the complaint, except insofar as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff[] for purposes of determining whether a prima facie case for personal jurisdiction has been established."[4] "In determining whether personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings."[5] The court may consider matters outside the complaint, including affidavits, interrogatories, depositions, or any combination of the recognized methods of discovery.[6]

Jurisdiction over a non-resident defendant is proper when (1) the defendant is amenable to service of process under the long-arm statute of the forum state and (2) the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.[7]  In the instant case, "these two inquiries merge into one because Louisiana's long-arm statute permits service of process coterminous with the scope of the due process clause."[8]

"The Due Process Clause of the Fourteenth Amendment protects a corporation, as it does an individual, against being made subject to the binding judgments of a forum with which it has established no meaningful 'contacts, ties, or relations.'" A court may exercise personal jurisdiction over a non-resident defendant when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum

---

[3] Guidry v. U.S. Tobacco, Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999).

[4] Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985) (citing DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1270 (5th Cir. 1983)).

[5] Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir. 1996).

[6] *Id*. (citing Colwell Realty Invs. v. Triple T. Inns of Ariz., 785 F.2d 1330 (5th Cir. 1986)).

[7] Dalton v. R&W Marine, Inc., 897 F.2d 1359, 1361 (5th Cir. 1990).

[8] Pervasive Software Inc. v. Lexware GMBH & Co. KG, 688 F.2d 214, 220 (5th Cir. 2012) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).

contacts" with the forum state and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."[9]

"Minimum contacts" can be established through specific jurisdiction or general jurisdiction.[10] Specific personal jurisdiction exists (1) when a defendant has purposely directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state; (2) the controversy arises out of or is related to those activities; and (3) the exercise of jurisdiction is fair, just, and reasonable.[11] General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[12]

"If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied."[13] The fairness inquiry is determined by analyzing several factors: (1) the burden upon the nonresident defendant of litigating in the forum state; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) the judicial system's interest in obtaining an efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies.[14]

---

[9] Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe*, 326 U.S. at 316)).

[10] Alpine View Co. Ltd. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000).

[11] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

[12] Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

[13] Wilson v. Belin, 20 F.3d 644, 647 (5th Cir. 1994) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 105 (1987)).

[14] Bullion v. Gillespie, 895 F.2d 213, 216 n.5 (5th Cir. 1990) (internal citations omitted).

## LAW AND ANALYSIS

BSLO is a limited liability company organized under the laws of Mississippi with its principal place of business in Bay St. Louis, Mississippi.[15] BSLO's sole function is to operate the Hollywood Casino property in Bay St. Louis.[16] Accordingly, BSLO asserts that it has no offices, bank accounts, property, registered agents, employees, gaming permits, or casino operations in Louisiana.[17] BSLO thus argues that, because Plaintiff's injuries were sustained in Mississippi and because BSLO has no ties to Louisiana, Plaintiff cannot establish either specific or general jurisdiction over BSLO.

### A. Specific Jurisdiction

Specific jurisdiction exists when a defendant has purposefully directed its activities, or availed itself of the privileges of conducting its activities, toward the forum state and the controversy arises out of or is related to those activities.[18] Plaintiff argues that specific jurisdiction[19] is met in this case pursuant to the provisions of the Louisiana Long-Arm Statute. Specifically, Plaintiff highlights Section 3201(A)(4), which allows for personal jurisdiction over a nonresident where the cause of action arises from the nonresident's:

> [c]ausing injury or damage *in this state* by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other

---

[15] Doc. 50-3 at 1.

[16] *Id*.

[17] *Id*. at 1-2.

[18] *Burger King*, 471 U.S. at 472.

[19] Although it is not clear whether Plaintiff is pursuing a theory of specific or general jurisdiction, her arguments are more aptly categorized as those in favor of specific jurisdiction.

persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.[20]

Plaintiff thus argues that personal jurisdiction is met here as BSLO regularly solicits business in Louisiana and Plaintiff was induced to visit the Hollywood Casino as a result of one of these solicitations.

Plaintiff's argument, however, disregards the prerequisite that the cause of action arise from injury or damage caused in this state.[21] This prerequisite is not met here as the cause of action does not arise from the medical care or solicitations that Plaintiff received in Louisiana but rather from the fall she sustained in Mississippi and the actions of Hollywood Casino's employee. Accordingly, the case that Plaintiff cites in support of her argument, *Thomas v. Manco Products, Inc.*, is not instructive as the cause of action in *Thomas* arose out of an injury sustained in Louisiana.[22] Further, Plaintiff has failed to direct this Court to any relevant case law demonstrating that advertising alone is sufficient to create specific jurisdiction, and this Court is not aware of any.[23]

---

[20] LA. REV. STAT. § 13:3201(A)(4) (emphasis added).

[21] *See* Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty., 137 S. Ct. 1773, 1780 (2017) (holding that specific jurisdiction requires "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation") (internal citations and quotations omitted).

[22] 479 So.2d 979 (La. App. 3 Cir. 1985) (finding personal jurisdiction over go-cart manufacturer where manufacturer routinely sold go-carts in Louisiana and the plaintiff was allegedly injured by manufacturer's go-cart in Cameron Parish, Louisiana).

[23] Prior to the Fifth Circuit's ruling in Frank v. P N K (Lake Charles) L.L.C., 947 F.3d 331 (5th Circ. 2020), courts within the Fifth Circuit facing similar facts found specific jurisdiction lacking but proceeded on a theory of general jurisdiction. *See e.g.,* Nunez v. Grand Casinos of Miss., L.L.C., No. CV 04-2517, 2005 WL 8174067, at *2 (E.D. La. July 14, 2005) ("No party alleges that any activity of Grand [Casino] directed at Louisiana directly and actually caused injuries to Plaintiff."); Gorman v. Grand Casino of La., Inc.-Coushatta, 1 F. Supp. 2d 656, 659 (E.D. Tex. 1998) ("Gorman's cause of action does not arise out of Defendant's *advertising* in the State of Texas; it arises out of Grand Casino's *operation* of its facility in Louisiana."); Wilson v. Ameristar Casino Vicksburg, Inc., No. CIV.A. 07-0297, 2007 WL 2284608, at *2 (W.D. La. July 10, 2007) (finding that the plaintiff's cause of action for

Accordingly, Plaintiff has failed to carry her burden in proving that this Court has specific personal jurisdiction over BSLO.

### B. General Jurisdiction.

General personal jurisdiction exists when the defendant has engaged in continuous and systematic activities in the forum state, regardless of whether such activity is related to the plaintiff's cause of action.[24] In determining whether a court has general jurisdiction over a company, as opposed to an individual, the inquiry is "whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."[25] Again, Plaintiff argues that BSLO's marketing and advertising in Louisiana creates sufficient contacts to Louisiana to confer personal jurisdiction.

The Fifth Circuit recently addressed the applicability of general jurisdiction in a case strikingly similar to the matter at hand. In *Frank v. PNK (Lake Charles) L.L.C.*, a Texas resident died from injuries she sustained at the L'Auberge du Lac Hotel & Casino in Lake Charles, Louisiana.[26] The Texas

---

negligence and violation of the dram shop statute did not arise out of the casino's contacts with the forum state); Grabert v. New Palace Casino, L.L.C., No. CIV.A. 03-382, 2003 WL 21999351, at *3 (E.D. La. Aug. 20, 2003). Although the Fifth Circuit in *Frank* held that a finding of general jurisdiction was improper in these cases (discussed further below), this Court does not read *Frank* as calling into question these courts' findings as to specific jurisdiction. *See Frank*, 947 F.3d at 335 (noting that the Southern District of Texas found that PNK's advertising did not relate to the appellants' injuries to confer specific jurisdiction and declining to address the issue as plaintiffs conceded lack of specific jurisdiction on appeal); *see also* Head v. Las Vegas Sands, Ltd. Liab. Corp., 760 F. App'x 281, 284 (5th Cir. 2019) (finding that the Casino Defendants' action of sending jets to Texas for the decedent did "not amount to a showing that the Casino Defendants purposefully directed their activities to the state of Texas or that William's death and the subsequent litigation herein resulted from the jet transport.").

[24] *Helicopteros*, 466 U.S. at 415.

[25] Daimler AG v. Bauman, 571 U.S. 117, 139 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 546 U.S. 915, 919 (2011)).

[26] *Frank*, 947 F.3d at 334.

resident's successors brought a wrongful death action against PNK (Lake Charles) LLC ("PNK") in Texas state court, and the case was subsequently removed and transferred to the Western District of Louisiana for lack of personal jurisdiction.[27] The plaintiffs appealed the transfer and the Fifth Circuit affirmed the decision.

In so holding, the *Frank* court noted that the appellants did produce some evidence of "continuous and systematic" contacts.[28] Indeed, the appellants presented evidence that "PNK sent marketing teams to Texas and conducted focus groups to learn what would attract Texan customers. It advertises in the Texas area . . . [and] subsidizes charter bus services to shuttle Texas patrons across state lines."[29] The *Frank* court, however, found that following the Supreme Court's decisions in *Goodyear* and *Daimler*, PNK must have a physical presence in Texas in order for the company to be "at home" in that state.[30] The *Frank* court thus concluded that "local advertising, as a standalone factor, does not meet 'the demanding nature of the standard for general personal jurisdiction over a corporation.'"[31]

Provided the extreme factual similarity between this matter and the matter addressed in *Frank*, this Court finds that the reasoning of *Frank* controls. Accordingly, Plaintiff has failed to demonstrate that this Court has personal jurisdiction over BSLO. Finding that dismissal is proper, this Court declines to examine the merits of BSLO's argument in support of transfer.

---

[27] *Id.*
[28] *Id.* at 338–39.
[29] *Id.* at 335.
[30] *Id.* at 339-41.
[31] *Id.* at 341 (quoting Martinez v. Aero Caribbean, 764 F.3d 1062, 1070 (9th Cir. 2014)).

## CONCLUSION

**IT IS ORDERED** that BSLO's Motion is **GRANTED**. The matter is hereby **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 9th day of November, 2020.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**